The Sentence Review Board wishes to thank Wayne Alan Partin for representing himself in this matter.

**FROM: The District Court of the 13th Judicial District.**
**County of Yellowstone.**

STATE OF MONTANA,

Plaintiff,                                                    NO. DC 94-376

vs.                                                                DECISION

Wayne Alan Partin,

Defendant.

On January 8, 1996, it was therefore ordered, adjudged and decreed that the said Wayne Partin be committed to the Department of Corrections for the offense of Criminal Possession of Dangerous Drugs (Felony) pursuant to Section 46-18-201(e), Montana Code Annotated to be placed in an appropriate community based program, facility or a State Correctional Institution, for custody, care and treatment for the term of Fifty-Two (52) months to run concurrently with any pending sentence. Defendant shall receive credit for time spent in the Yellowstone County Detention Facility at Billings, Montana, for 4 days. The defendant is further notified that the law imposes upon him the duty to pay a supervisory fee of One Hundred Twenty Dollars ($120.00) a year prorated at Ten Dollars ($10.00) a month for the number of months that he is hereunder Supervision. This fee is payable to the Clerk of Court. It is further ordered that the defendant shall pay to the Clerk of District Court the sum of Twenty Dollars ($20.00) for this conviction pursuant to statute 46-18-236, Montana Code Annotated, plus the sum of Five Dollars ($5.00) for Court Automation Surcharge. The Clerk of District Court is hereby ordered to deliver the said sum of Twenty-Five Dollars ($25.00) to the Treasurer of this County.

On August 22, 1997, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 22nd day of August, 1997.

DATED this 11th day of September, 1997.

**Chairman, Hon. Jeffrey M. Sherlock, Member, Hon. Richard Phillips**
**and Alternate Member, Hon. Jeff Langton**

The Sentence Review Board wishes to thank Wayne Alan Partin for representing himself in this matter.